fUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GCSD NY SOLAR, LLC, and EMPIRE STATE
SOLAR LLC,

                        Plaintiffs,                    21-cv-6359 (PKC)

      -against-

                                                  ORDER

SED NY HOLDINGS LLC, SUNEAST
MANCHESTER SOLAR, LLC, and THOMAS
SWANK

                       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction <u>sua sponte</u>.

        This is an action originally brought in Supreme Court of the State of New York, County of New York and removed to this Court by defendants. According to the Notice of Removal, jurisdiction is premised on diversity of citizenship. However, the removed complaint fails to adequately allege the citizenship of any plaintiffs or defendants.

        Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." <u>E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.</u>, 160 F.3d 925, 930 (2d Cir. 1998).

        The Complaint initially filed in state court and annexed to the Notice of Removal alleges that four of the parties are limited liability companies: (1) plaintiff GCSD NY Solar,

LLC; (2) plaintiff Empire State Solar, LCC; (3) SED NY Holdings LLC; and (4) SunEast Manchester Solar LLC.   For each party who is a limited liability company, the complaint does not allege the citizenship of its constituent members (persons and entities).  Instead, it merely states the principal place of business for each corporate party.  (Compl. (Doc 1-1) ¶¶ 2–6).  A complaint premised on diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.  See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members."); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) (Chin, J.) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.

Separately, the Complaint does not expressly allege the citizenship of the individual defendant, Thomas Swank.  It states that "Swank is a natural person who, upon information and belief, resides in the State of Connecticut. . . ."  (Compl. ¶ 7). An individual's citizenship is determined by his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)).  However, "[d]omicile is not synonymous with residence; a party can reside in one place and be domiciled in another."  Kennedy v. Trs. Of Testamentary Tr. of Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (Pauley, J) (citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47–49 (1989)).

- 3 -

Within 7 days of this Order, plaintiffs may serve upon the LLC defendants an interrogatory limited to the citizenship of all natural persons who are their members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business.  Plaintiffs may separately serve an interrogatory on Swank as to his state of citizenship.  Defendants shall have seven days to respond to the interrogatories.

Within 30 days, plaintiffs shall amend its complaint to allege truthfully and accurately the citizenship of each plaintiff and defendant, or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

                                                             P. Kevin Castel
                                           United States District Judge

Dated: New York, New York
        July 29, 2021